IN THE UNITED STATES OF DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

**Date:** July 31, 2008

Courtroom Deputy: Ginny Kramer
Court Reporter: Suzanne Claar
Probation Officer: Lisa Pence

---

**Criminal Case No. 06-cr-00264-REB**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Carla Stern |
| | Diane Lotko-Baker |
| v. | |
| 2. KENNETH L. RAINS, | Eugene Gozdecki |
|    a/k/a Kenny Rains | |
|        Defendant. | |

---

## SENTENCING MINUTES

---

**9:05 a.m.**     **Court in session.**

The Defendant is present in Court (on bond).

Court's opening remarks.

Pursuant to 18 U.S.C. § 3352 and F.R.Cr.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report.

Counsel for the defendant informs the Court that he has read and discussed the presentence report with the defendant.

Defendant's counsel made a statement on behalf of the defendant, offered information in mitigation of his punishment and commented on the probation officer's determinations and other matters affecting sentence.

The Defendant is sworn.

Statement to the court by the defendant.

Statement to the court by the government.

The Court has considered all relevant matters of fact and law, including the following:

1. The nature and circumstances of the offense for which the defendant is being sentenced.
2. The history and characteristics of the offender.
3. The authorized sentences under 18 U.S.C. § 3551.
4. The presentence report.
5. The advisory sentence guidelines.
6. The factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a)(2).
7. The position of the government, the defendant, and the probation department.

The Court enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**It was ordered as follows:**

1. That the plea agreement of the parties as stipulated in Court's Exhibits 1 and 2 is formally approved.

2. That the Government's Motion for Downward Departure Pursuant to 5K1.1 [#43] filed July 17, 2008, is **granted**.

3. That the Defendant's sentencing memorandum [#44] filed July 23, 2008, insofar as it is correctly read and construed in part as a motion for sentencing variance is **denied**.

4. That judgment of conviction under Fed.R.Crim.P 32(k) is entered on Count One of the Information.

5. That pursuant to 18 U.S.C. Section 3583, the defendant is now placed on supervised release for a term of **three (3) years**, commencing forthwith. During which term the defendant shall be subject to the jurisdiction of the court and the probation department.

6. That while on supervised release, the defendant shall comply with all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. §3583(d) and USSG §5D1.3(a).

7. That while on supervised release, the defendant shall comply with all standard conditions of supervised release in effect throughout this district as imposed by the court.

8. That while on supervised release, the defendant shall comply with the following explicit or special conditions of supervised release:

- that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where he may be during the term of his supervised release;

- that the defendant shall not possess or use illegally any controlled substances;

- that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

- that the defendant shall cooperate in the collection of a sample of his DNA;

- that the defendant shall pay all costs, assessments, and fines ordered by this court as a part of these sentencing orders;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of his supervising probation officer unless he is then in full compliance with the periodic obligations imposed pursuant to this court's judgment and sentencing orders;

- that the defendant shall be placed on home detention for a term of four (4) months, to commence within 21 days of today's date as arranged, scheduled and coordinated by the probation department, having the full and complete cooperation of the defendant; provided furthermore that during the term and period of in-home detention, the defendant shall remain at his place of residence at all times other than time spent for employment, medical appointments, court appearances or consultation with his legal counsel, or any other activity approved in advance by his supervising probation officer;

- that this term of home detention shall be enforced and superintended by electronic monitoring;

- that the defendant shall maintain a telephone at his place of residence without any special services, modems, answering machines or cordless telephones;

- that the defendant shall wear all electronic monitoring devices and follow all requirements and procedures specified by his supervising probation officer; and

- that the defendant shall pay the cost and expense of in-home detention secured by electronic monitoring;

9. That the defendant shall pay a fine in the amount of $10,000.00.

10. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00.

11. That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived.

12. That the defendant shall report in person to his probation officer, Ms. Lisa Pence, immediately following this hearing, to schedule an appointment to read, review and sign the required conditions of probation imposed by this court.

The Defendant waives formal advisement of appeal.

**9:55 a.m.    Court in recess.**

*Total in court time: 00:50 minutes - Hearing concluded*